Forrest, K.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM YANCEY,

                 Plaintiff,

         -against-

PASTICCERIA ROCCO INC.
and 243 BLEECKER STREET REALTY CORP.,

              Defendants.

Case No. 16-CV-1149 (KBF)

**CONSENT STIPULATION**

**WHEREAS,** plaintiff KIM YANCEY ("Plaintiff") filed a complaint in the above-captioned action against defendants PASTICCERIA ROCCO INC. and 243 BLEECKER STREET REALTY CORP. (collectively designated as "Defendants"; Plaintiff and Defendants are collectively designated as the "Parties"), alleging *inter alia,* certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder (the "Action"); and

**WHEREAS,** the claims alleged herein by Plaintiff arise in connection with the pastry shop located at 243 Bleecker Street, New York, New York (the "Pastry Shop"); and

**WHEREAS,** Defendants have denied all allegations that they have violated any laws, statutes, rules, regulations or ordinances; and

**WHEREAS,** the Parties desire to settle all claims alleged herein, without an admission of liability, on the terms and conditions set forth herein; it is therefore

**STIPULATED, CONSENTED AND AGREED,** that this Action shall be settled as follows:

1.     Remedial Measures.

The Defendants hereby agree to undertake remedial actions at the Pastry Shop, as set forth herein:

a)      Subject to the terms and provisions herein, Defendants shall install a permanent means of entry at the entrance to the Pastry Shop which would allow Plaintiff and other wheelchair bound patrons to enter the Pastry Shop, either by raising and sloping the sidewalk and/or installation of a permanent ramp (which may be placed both inside and outside the Pastry Shop) and/or removal of the step at the door, or any combination of the foregoing (any individual method or combination of the foregoing constituting the "Wheelchair Entry"). The Wheelchair Entry will be compliant, to the extent possible, with the accessibility requirements set forth in the ADA, provided, however, that the slope shall not exceed 1:8, provided, however, that the Wheelchair Entry may be sloped at 1:6 for two feet at either end. The Wheelchair Entry shall be completed within nine months of the date this Stipulation is filed with the Southern District Court (the "Start Date").

b)      Defendants shall reverse the hinges on the door to the Pastry Shop so that it swings inwards and to the right as you enter from the street (the "Hinge Reversal"). The Hinge Reversal shall also be completed within nine months from the Start Date.

c)      The time period for completion of the Wheelchair Entry and Hinge Reversal (together, the "Work") shall be subject to events beyond the control of Defendants, such as delay in obtaining approved building or zoning permits (application for which shall be filed no later than 60 days from the Start Date), failure of the any government inspectors

2

to make inspections, contractor defaults, work stoppages or slow-downs due to labor-related disputes or severe weather conditions (*e.g.*, snow storms and hurricanes), acts of God, *force majeure*, acts of war or terrorism, and the like.  In the event of such unforeseen circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms of this Stipulation, the Defendants may request from Plaintiff's counsel an extension of time to complete the Work, which consent shall not be unreasonably withheld.   Within 30 days of completion of the Work, the attorneys for the Defendants shall notify Plaintiff's counsel and shall furnish photograph(s) of the completed Work.

d)      It is understood and agreed that Defendants will submit the proposal(s) (and any revisions required) for the Work to the NYC Department of Buildings ("DOB"), the Department of Transportation ("DOT") and the Landmarks Preservation Commission ("LPC").  In the event a final denial issues by any of the foregoing, prohibiting the completion of the Work as contemplated above in paragraphs 1(a) and (b) of this Stipulation, Defendants will be excused from completing the Work and Plaintiff will accept a temporary ramp which is at least 36 inches wide and has a slope no greater than 1:8 as a means of entry into the Pastry Shop.  Defendants warrant that they will work with the DOB, DOT and the LPC, and any other agency involved in the permit process, to revise the plans for the Work in accordance with any recommendations in order to obtain an approved plan for an accessible entrance. For purposes of this Agreement, a final denial shall result if: (i) a NYC agency (including the DOB, DOT or LPC) raises objections to any plan which cannot be overcome by plan modification, provided however, that no plan shall include a ramp or platform which extends more than 44

3

inches onto the sidewalk; and (ii) an application for waiver for any portion of a plan which varies from any law, statute, code provision or ordinance is denied and which denial cannot be overcome by plan modification and/or is not the result of an administrative issue; defendants agree that a waiver which has been denied based on a finding that alternatives which insure the achievement of the intended objective or which, without a loss in the level of safety, achieve the intended objective more efficiently, effectively or economically, shall not constitute a final determination, in which case defendants agree that they shall submit a plan providing for such alternative(s).

2.     Settlement Amount.

The Parties agree that monetary compensation shall be paid in resolution of all claims asserted in this action, pursuant to a separate and confidential letter dated as of the date of this Stipulation (the "Settlement Letter") and signed by counsel for Defendants as authorized representative of their clients (such monetary compensation being the "Settlement Payment").

3.     Release.

In consideration of the Defendants' obligations under this Stipulation, the Plaintiff on behalf of herself, her heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Releasor") hereby remises, releases, acquits, satisfies, and discharges Defendants, their parents, subsidiaries and affiliates, and their current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators, representatives, predecessors, successors and assigns, as well as Rocco's Pastry Shop Inc., and its parents, subsidiaries and affiliates, and current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators, representatives, predecessors, successors and

4

assigns ("Releasees"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Releasor ever had, now has or hereafter can, shall or may have against the Releasees from the beginning of the world up to the date of this Stipulation with respect to all claims made, or which could have been made, in the Action.

    4.    <u>Withdrawal of Action</u>.

Upon execution of this Stipulation, the Parties shall file a stipulation of dismissal.

    5.    <u>No Admission of Liability</u>.

Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of Defendants. Defendants acknowledge, without conceding any infirmity in their defenses, that they are entering into this Stipulation solely in order to settle this dispute and to avoid the further expense and inconvenience of litigation. Plaintiff acknowledges that nothing herein is to be construed as an admission of liability or culpability by either of the Defendants, and acknowledges further that the remedial steps to be taken herein constitute a satisfactory resolution of the access claims alleged herein.

    6.    <u>Fees and Expenses</u>.

Each of the Parties shall bear their own attorneys' fees and costs incurred in connection with or related to the Action not otherwise encompassed by the terms of this Stipulation provided, however, that in the event of breach of this Stipulation, the non-breaching party shall be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of efforts to enforce this Stipulation, or the separate letter agreement relating to the

Settlement Payment.

7.    <u>Authority</u>.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation on behalf of that Party.   All references to the Parties herein shall be deemed to include their successors and assigns.

8.    <u>Governing Law and Jurisdiction</u>.

This Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that venue for any litigation brought to enforce this Stipulation shall lie in the United States District Court for the Southern District of New York, or, if that Court refuses to accept jurisdiction, in any court of competent jurisdiction in New York, New York.

9.    <u>Interpretation</u>.

The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Stipulation has been negotiated by and between the Parties' respective counsel, and shall not be construed against the "drafter" of the Stipulation.

10.    <u>Modification of Stipulation</u>.

This Stipulation may be amended, revoked, changed, or modified only upon a written agreement executed by the Parties. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.

11.    <u>Entire Agreement</u>.

This Stipulation sets forth the entire agreement between the Parties hereto, and fully

6

supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

12.   Signatures in Counterparts.

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the Parties had the same signature page.  A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

13.   Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

[SIGNATURE PAGE TO FOLLOW]

7

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
October 3/, 2016

_____
KIM YANOEY

PASTICCERIA ROCCO INC.

By:   Name: ROCCO GENEROSO

Title: PRESIDENT

243 BLEECKER STREET REALTY CORP.

By:   Name: ROCCO GENEROSO

Title: PRESIDENT

So Ordered:

_____
USDJ

USDJ

11/3/16

8